**FILED**

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 06-0632

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 06-0632

_____

IN RE THE INTERNAL OPERATING RULES
OF THE MONTANA SUPREME COURT

O R D E R

_____

Following a publication of proposed revisions to the Internal Operating Rules of the Montana Supreme Court, a comment period, and a public meeting on November 14, 2023, Section V is amended as follows:

## SECTION V. ORDERS OF THE COURT

**1.** This section is designed to provide a more efficient procedure for issuing and executing orders of the Court, and to conserve its judicial resources. All orders covered by paragraph 2 of this section ~~shall~~ may be signed by the chief justice or in his or her absence, the acting chief justice, on behalf of the Court in this manner:

> For the Court,
>
> By _____
> Chief Justice

**2.** The following orders ~~shall~~ may be signed as provided in part 1:

(a) All orders based on stipulation of counsel, including stipulated orders of dismissal.

(b) All voluntary orders of dismissal if the motion to dismiss complies with M. R. App. P. 16(4).

(c) All orders covering matters decided by the Court in conference, with the exception of orders granting or denying petitions for rehearing.

(d) All orders fixing or extending the time within which an act must be done.

(e) All orders concerning court calendars, case classifications, overlength briefs, participation in and time limits for oral argument, applications for filing of briefs or for oral argument for amicus curiae, and related orders.

(f)  All orders reinstating attorneys to active status if the attorney had voluntarily chosen inactive, emeritus, or senior status, except when the attorney has been on inactive status for five or more years.

(g)  All interlocutory orders.

**3.**  The following matters shall require the individual signatures of a majority of the justices:

(a)  All opinions.

(b)  Orders granting or denying rehearing, non-stipulated or non-voluntary orders of dismissal, or and other final dispositions.


IT IS THEREFORE ORDERED that the Proposed Revisions to the Internal Operating Rules of the Montana Supreme Court are ADOPTED.  The Rules are amended to read as shown above, effective immediately.

IT IS FURTHER ORDERED that this Order shall be posted on the Montana Judicial Branch website and copies provided to the State Bar of Montana and the Montana State Law Library.

DATED this 14th day of November, 2023.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

# MONTANA SUPREME COURT INTERNAL OPERATING RULES

## SECTION I. CLASSIFICATION AND CONSIDERATION FOR SUMMARY DISPOSITION, REBRIEFING, AND SUBMISSION ON BRIEFS

**1.** Upon receipt of appellant's reply brief, or after the time for filing the same has expired, the office of the clerk of court shall promptly deliver copies of the briefs to all justices. All documents subsequently received pertaining to such appeals shall be promptly delivered to the justices.

**2.** Court staff then shall assign each case to the next available panel of five justices under the Court's panel rotation system and place each case on a conference agenda at least one week later.

**3.** On the conference date the following procedure will be used in considering the cases set for conference:

(a) Each case will be discussed by the justices assigned to that case. The first issue shall be oral argument. If three justices request oral argument, the case will be set for oral argument en banc, and no further discussion will be held on that case. If a justice would like to discuss assigning a case for oral argument prior to the conference for which the case is scheduled, the case shall be placed on the next appropriate classification conference agenda en banc for purposes of discussing oral argument of the case.

(b) If an appeal is deemed frivolous, it will be summarily dismissed. If a case is found to be insufficiently briefed, it may be returned to counsel for such rebriefing as is required.

(c) (i) If an appeal presents no constitutional issues, no issues of first impression, does not establish new precedent or modify existing precedent, or, in the opinion of the Court, presents a question controlled by settled law or by the clear application of applicable standards of review, the Court may classify that appeal as one for a memorandum opinion.

(ii) The decision of the case will provide the ultimate disposition without a detailed statement of facts or law. The decision shall not be citeable as binding precedent, but may be cited when relevant to establishing the application of law of the case, res judicata, or collateral estoppel; or in a criminal action or proceeding involving the same defendant or a disciplinary action or proceeding involving the same person. The opinion shall be filed as a public document with the clerk; shall be reported by result only to the LexisNexis Group and to West's Pacific Reporter along with the case title and Supreme Court cause number in the quarterly table of unpublished opinions issued by this Court; and shall be assigned a public domain, neutral-format citation in accordance with the Court's order dated December 16th, 1997, and posted to the State Bulletin Board.

(iii) A memorandum opinion may be entered pursuant to this subsection on a majority vote, even if the opinion is not unanimous, provided that all justices participating in the action shall agree that such summary disposition of the action may be made.

(iv) A petition for rehearing of a cause decided under this subsection may be served and filed pursuant to the provisions of Rule 20, M. R. App. P.

(d) If the case is classified as submitted on briefs, the five justices on the panel will discuss the merits of the case and take a tentative vote. If four or more justices reach a conclusion, the chief justice then will assign the case to one of the five justices on the panel for opinion writing, and that date will be the submission date for that case. If four justices do not vote for one position, the case will be assigned for en banc consideration at the conference one week later.

(e) The Court will enter an appropriate order in each case, advising counsel or the parties of summary disposition, rebriefing requirements, or submission on briefs.

(f) Cases classified for oral argument shall be placed on the calendar. The Court will enter an appropriate order giving notice of the time set for hearing oral argument.

## SECTION II. ORAL ARGUMENT

**1.** A conference will be held following oral argument. The members of the Court will discuss and vote on the case.

**2.** Oral argument cases on which a vote has not yet been taken will receive first priority at all Court conferences. A justice absent at a subsequent conference will be responsible for presenting his or her views in writing in time for conference.

**3.** When four justices have reached a tentative decision on a case, that case will be assigned for opinion writing by the chief justice. The date the case is assigned for opinion writing is the submission date for the case.

## SECTION III. OPINIONS

**1.** The basic aim is that the final opinion in each case shall be signed and filed with the clerk not later than 180 days following the submission date. Complexity of issues and case load may require additional time for filing of the final opinion with the clerk.

**2.** Within the foregoing period of 180 days, the following apply:

(a) Within ninety days of the submission date, the opinion-writing justice shall circulate an opinion draft. The ninety-day period for circulation of an opinion draft is a basic aim; however case load and complexity of issues may require additional time. The draft opinion shall be considered at the next conference, subject to the requirement that the opinion must be circulated by noon on Friday in order to be considered at the next week's conference.

(b) At the conference, the opinion draft shall be voted upon. If four justices vote in favor, the draft shall be finalized.

(c) A justice shall circulate copies of his or her signed dissenting or concurring opinion as soon as practical after the date on which a majority approve a proposed opinion.

## SECTION IV. OPERATION AS SEVEN-JUSTICE AND FIVE-JUSTICE COURT

**1.** The Supreme Court en banc shall consist of seven members. The Court en banc shall hear all cases in which the accused shall have been sentenced to death, cases in which a bona fide challenge is made to the constitutionality of a statute, cases involving a question

certified to the Court by another court pursuant to Rule 15, M. R. App. P., and such cases as shall be determined by two or more justices to require a hearing en banc.

**2.** Any petition for rehearing shall be considered by those justices hearing the case in the first instance. Whether decided by a five judge panel or en banc, if four members would grant a petition for rehearing, the petition shall be granted. Those justices hearing the case in the first instance shall then determine whether to decide the case on the briefs or after oral argument. If a petition for rehearing is granted, the parties to the appeal will be notified as to whether the case will be decided on briefs or after oral argument.

**3.** All proposed opinions shall be circulated to all justices, whether members of the panel or not. Any justice who is not a panel member may request participation in the panel conference on such proposed opinion.

## SECTION V. ORDERS OF THE COURT

**1.** This section is designed to provide a more efficient procedure for issuing and executing orders of the Court, and to conserve its judicial resources. All orders covered by paragraph 2 of this section may be signed by the chief justice or in his or her absence, the acting chief justice, on behalf of the Court in this manner:

> For the Court,
>
> By _____
> Chief Justice

**2.** The following orders may be signed as provided in part 1:

(a) All orders based on stipulation of counsel, including stipulated orders of dismissal.

(b) All voluntary orders of dismissal if the motion to dismiss complies with M. R. App. P. 16(4).

(c) All orders covering matters decided by the Court in conference, with the exception of orders granting or denying petitions for rehearing.

(d) All orders fixing or extending the time within which an act must be done.

(e) All orders concerning court calendars, case classifications, overlength briefs, participation in and time limits for oral argument, applications for filing of briefs or for oral argument for amicus curiae, and related orders.

(f) All orders reinstating attorneys to active status if the attorney had voluntarily chosen inactive, emeritus, or senior status, except when the attorney has been on inactive status for five or more years.

(g) All interlocutory orders.

**3.** The following matters shall require the individual signatures of a majority of the justices:

(a) All opinions.

(b) Orders granting or denying rehearing, non-stipulated or non-voluntary orders of dismissal, and other final dispositions.

## SECTION VI. JUDICIAL RULEMAKING

**1.** An application for the adoption, rescission, amendment, or implementation of a rule or program regulating Montana's lawyers may be made to the Supreme Court at any time. The moving party's application and all supporting documents shall be filed with the clerk of court.

**2.** The Court may provide a comment period for proponents and opponents to state their views on the application. The Court may also use this opportunity to voice its comments on the subject.

**3.** The Court shall consider the application at a public meeting.

**4.** If comments are received, the Court may provide the moving party an opportunity to respond to the comments. Response of the moving party includes not only substantive discussion of the comments received, but also potentially substantive changes to the subject matter of the application.

**5.** If substantive changes are made to the proposed rule or program by the applicants, the Court may re-open the comment and response periods.

**6.** Free flow of information is encouraged.

**7.** The publication of the application for the adoption, rescission, amendment, or implementation of a rule, program, or order, whether for comment or after final action by the Court, may be accomplished, at the Court's discretion, by publication in the *Montana Lawyer* magazine, by electronic publication on the websites of the State Law Library, the Court, or the State Bar of Montana, or by any combination thereof.

**8.** The adoption of this process is in no way intended to interfere with or preclude operation of the Court's original, inherent, and exclusive jurisdiction and responsibility under Article VII, Section 2(3) of the Constitution of the State of Montana to make rules governing the conduct of Bar members.

## SECTION VII. GENERAL

**1.** The chief justice shall assign all cases for opinion writing among the justices. The chief justice shall rotate on the five-member panels in the same manner as other justices and shall hear a like number of cases. The chief justice may be assigned up to one-third fewer cases for opinion writing than other justices because of his or her additional administrative duties.

**2.** The Court shall generally hold a conference on Tuesday afternoon. At all conferences, oral argument cases without a submission date shall be given top priority. The chief justice shall prepare an agenda for each conference. Each week's conference agenda shall be distributed by the preceding Friday afternoon. A conference agenda listing the appeals to be considered for classification and original proceedings and motions to be considered will be made public. In the event any justice is unable to attend a conference, if possible he or

she shall advise the chief justice two days prior to the date of the conference. In addition, the justice shall submit a written vote setting forth his or her decisions on matters to be discussed at the conference.

**3.** The chief justice shall preside over all matters on which he or she sits. If the chief justice is not sitting on that case, the member of the Court with the shortest time to serve shall be the acting chief justice for that case.

**4.** In those cases in which a justice disqualifies himself or herself, the chief justice or acting chief justice shall designate a replacement.

**5.** These rules may be suspended or waived by order of the Court.

**6.** At the first weekly conference in each month, the clerk shall prepare and circulate among the justices a written report listing all matters which are past due under these rules, and giving the status of all uncompleted applications for writs, motions, and other matters requiring the attention of the Court.

**7.** A full written opinion shall be prepared unless the Court shall determine the disposition shall be by order or by memorandum opinion. An example of disposition by order is the following:

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. ___

[Title of Cause]                                                ORDER

_____

The appeal in this case is dismissed for failure of appellant to order or file a transcript within the time allowed by law. See Rules 8(3) and 9, M. R. App. P.

_____
(DATED AND SIGNED)

**8.** Upon the filing of petitions, applications, or motions with regard to habeas corpus, post-conviction relief, mandamus, prohibition, supervisory control, extraordinary writ, or other requests not pertaining to a pending appeal, the clerk shall deliver a copy of the same to the justice assigned to be the lead justice on that case. Such assignments shall be made in rotation, by court staff. If the assigned justice deems it necessary, he or she shall order a response. When the ordered response is filed, the clerk shall deliver to each justice a copy of all papers filed and the matter will be placed upon the next Tuesday conference agenda. If the assigned justice determines that the Court should consider the petition or

application before ordering a response, the matter shall be put on the next conference agenda, and the clerk will be requested to deliver to each justice a copy of the papers filed.

**9.** In all opinions regarding the abuse and neglect of children and the termination of parental rights pursuant to Title 41, chapter 3, MCA, the Court shall attempt to maintain the confidentiality of children by referring to both the children and the parents involved by their initials or first names only, as justice requires.

**10.** The foregoing rules supersede all prior internal rules of this Court, whether or not specific reference is made to such prior rules.